```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  GURPREET SINGH,

                      Plaintiff,            MEMORANDUM & ORDER
                                            24-CV-4122 (EK)(PK)

              -against-

  UNITED STATES OF AMERICA, UBER
  TECHNOLOGIES, INC, UBER USA, LLC, and
  GURMEEN SINGH,

                      Defendants.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Plaintiff Gurpreet Singh filed this action in June 2024. On September 12, 2024, Singh filed a stipulation of dismissal without prejudice as to the claims against the United States of America. ECF No. 11. The Court concluded that the stipulation was deficient, and therefore construed it as a motion for court-ordered dismissal under Federal Rule of Civil Procedure 41(a)(2). *See* Docket Order dated September 13, 2024.

        The Court then granted the motion conditionally, stating that the plaintiff's "claims [would] be dismissed against the United States" unless a party objected within a week. *Id.* No party did. The United States was never served, and the parties proceeded as if it had been dismissed. However, due to an apparent clerical error, the dismissal was not formally effectuated on the docket.

Singh now seeks to "add the United States back into the litigation," and has requested forty-five days to serve a summons and complaint on the United States. *See* ECF No. 31, at 1. Thus, the Court must determine whether the United States was actually dismissed in September 2024. If the United States remains a party to this action, then Singh must show good cause for failing to serve it within ninety days of filing the complaint. Fed. R. Civ. P. 4(m). But if the United States is not a party, no such requirement would exist.

The Court will dismiss the United States *nunc pro tunc* pursuant to its September 13 order. A court "may issue *nunc pro tunc* orders . . . to reflect the reality of what has already [been] . . . ordered, but not entered, through inadvertence of the court." *Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 589 U.S. 57, 65 (2020).[1] Here, the Court made clear that the United States would be dismissed if no party objected within a week, and no party did. So, the September order effectively dismissed the United States — a reality that simply was not reflected on the docket. A *nunc pro tunc* dismissal is therefore appropriate. *E.g.*, *Newman ex rel. Poston v. Bankers Life & Cas. Co.,* No. 10-CV-2135, 2012 WL 1431271, at *3 n.2 (D.S.C. Apr. 25, 2012).

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

      For the foregoing reasons, the United States is dismissed from this action *nunc pro tunc*.

      SO ORDERED.

                                      /s/ Eric Komitee  
                                      ERIC KOMITEE  
                                      United States District Judge

Dated:    July 22, 2025  
           Brooklyn, New York